UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Levonnda Henry, | : |
| Plaintiff, | : Civil Action No.: 2:14-cv-243 |
| v. | : |
| Global Travel International, | : **COMPLAINT AND** |
| | : **DEMAND FOR JURY TRIAL** |
| Defendant. | : |

For this Complaint, the Plaintiff, Levonnda Henry, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Levonnda Henry ("Plaintiff"), is an adult individual residing in Hammond, Indiana, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Global Travel International ("Global"), is a Florida business entity with an address of 1060 Maitland Center Commons, Suite 305, Maitland, Florida 32751-4129, and is a "person" as defined by 47 U.S.C. § 153(39).

## **FACTS**

6. In or around May of 2014, Global began placing calls Plaintiff's cellular telephone, number 219-xxx-3550, in an attempt to solicit to Plaintiff its services.

7. At all times referenced herein, Global placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or pre-recorded voice.

8. When Plaintiff answered the calls from Global, she heard a pre-recorded message directing Plaintiff to hold to be connected to a live representative.

9. Plaintiff has no business relations with Global and never requested by an agreement or otherwise that she be contacted.

10. Plaintiff never provided her cellular telephone number to Global and never provided her consent, express, written or otherwise, to Global to be contacted on her cellular telephone.

11. During a live conversation, Plaintiff advised Global that she was not interested in services Global was offering and directed Global to remove her number from its system and cease all calls to her.

12. However, despite having been informed of the foregoing and instructed by Plaintiff not to call, Global thereafter continued to place calls to Plaintiff's cellular telephone at an annoying and harassing rate, sometimes calling up to ten times a day on a daily basis.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. Plaintiff never provided her cellular telephone number to Global and never provided her consent to be contacted on her cellular telephone.

15. Without prior consent Global contacted Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Global continued to place automated calls to Plaintiff's cellular telephone after being requested to cease calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Global was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Global to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Upon information and belief, Global's telephone system has the capacity to store numbers in a random and sequential manner.

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## JURY TRIAL DEMANDED ON ALL COUNTS

Dated: July 14, 2014

                Respectfully submitted,

                By  /s/ Amy L. Cueller

                Amy L. Cueller, Esq., #15052-49
                LEMBERG LAW, L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424
                E-Mail: acueller@lemberglaw.com
                Attorneys for Plaintiff